# EXHIBIT C

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWELFTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MANATEE</u>   COUNTY, FLORIDA

<u>VIRGINIA HALL</u>
Plaintiff

vs.
<u>CHUBB EUROPEAN GROUP SE</u>
Defendant

Case # _____
Judge  _____

II.      **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

III.      **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Thomas J Morgan Jr        Fla. Bar # 127612
      Attorney or party                    (Bar # if attorney)

Thomas J Morgan Jr           03/07/2023
(type or print name)            Date

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

IN THE CIRCUIT COURT OF THE
12TH JUDICIAL CIRCUIT IN AND FOR
MANATEE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

VIRGINIA HALL,

      Plaintiff,

CASE NO.: 2023CA98

v.

FLORIDA BAR NO.: 127612

CHUBB EUROPEAN GROUP SE,

**SUMMONS**

      Defendant.

_____/

THE STATE OF FLORIDA:

TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

GREETINGS:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, First Set of Interrogatories and First Request for Production in the above styled cause upon the Defendant:

      **CHUBB EUROPEAN GROUP SE**
      c/o Florida Chief Financial Officer as RA
      200 East Gaines Street, Tallahassee, FL 32399-4201

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

      THOMAS J. MORGAN, JR., ESQUIRE
      **MORGAN LAW GROUP**
      55 Merrick Way, Suite 404
      Coral Gables, Florida 33134
      Email: mlg.eservice@morganlawgroup.net
      Phone: (305) 569-9900

within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      WITNESS my hand and the seal of the Court on _____3/7_____, 2023.

Angelina Colonneso
Manatee County Clerk of The Circuit Court

(COURT SEAL)

DEPUTY CLERK

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer votre reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la causa ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

### In and for Manatee County:

**If you cannot afford an attorney, contact Gulfcoast Legal Services at (941) 746-6151 or www.gulfcoastlegal.org, or Legal Aid of Manasota at (941) 747-1628 or www.legalaidofmanasota.org. If you do not qualify for free legal assistance or do not know an attorney, you may email an attorney referral service (listed in the phone book) or contact the Florida Bar Lawyer Referral Service at (800) 342-8011**

Case 8:23-cv-00933-WFJ-TGW   Document 1-3   Filed 04/28/23   Page 7 of 40 PageID 17

IN THE CIRCUIT COURT FOR THE
TWELFTH JUDICIAL CIRCUIT IN AND
FOR MANATEE COUNTY, FLORIDA.

CASE NO.

VIRGINIA HALL

      Plaintiff,

v.

CHUBB EUROPEAN GROUP SE,

      Defendant.

_____/

## COMPLAINT

Plaintiff, **VIRGINIA HALL**, by and through undersigned counsel, hereby sues Defendant,

**Chubb European Group SE**, and in support thereof alleges as follows:

1.      This is an action for an amount in excess of $50,000.00, exclusive of attorney fees,

costs, and interest.

2.      At all times material hereto, Plaintiff was and is a resident of Manatee County,

Florida and *sui juris*.

3.      At all times material hereto, Defendant was and is an insurance company authorized

to and did write homeowners insurance policies within the State of Florida, and specifically within

Manatee County, Florida.

4.      At all times material hereto, Plaintiff was and is the owner of the property located

at 3806 37th St E, Bradenton, FL 34208, Manatee County.

5.      At all times material hereto, the subject property was insured under a policy of

insurance issued by Defendant to Plaintiff, specifically, policy number CHFLHO 001119. Said

1

policy is incorporated herein in its entirety pursuant to Fla. R. Civ. P. 1.130; further, Defendant has a copy of said policy in its possession.

6.    At all times material hereto, the policy of insurance was in full force and effect.

7.    The policy of insurance provides, in pertinent part, that Defendant provides coverage for property damage, including contents, rendered to Plaintiff's property that is the result of an accident, whether natural in cause or not, and the policy is required to comply with the provisions of Florida law.

8.    On or about September 28, 2022, Plaintiff's property was damaged directly and/or indirectly due to Hurricane Ian.

9.    As a result thereof, Plaintiff sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures, along with additional living expenses incurred.

10.    Plaintiff gave timely notice to Defendant of such loss, and did thereafter deliver to Defendant a full and particular account of Plaintiff's expenses and losses as a result of the loss.

11.    Defendant assigned claim number 20.24842 to identify the loss.

12.    Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiff's damages and/or loss, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiff's contract with Defendant.

13.    All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

14.    Defendant's conduct has caused Plaintiff to retain the services of the undersigned counsel to prosecute this action, and Plaintiff is entitled to attorney fees and costs pursuant to

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

Florida law, and specifically pursuant to Section 627.428 and/or Section 626.9373, Florida Statutes.

   **WHEREFORE**, based on the foregoing, Plaintiff, **VIRGINIA HALL**, demands judgment against Defendant, **Chubb European Group SE**, for damages, interest, attorney fees, costs, and any other such relief that this Honorable Court deems just and proper.

   **DEMAND** is hereby made for trial by jury of all issues so triable as a matter of right.

   **DATED** this 07 day of March 2023.

<div style="margin-left:40%">

**MORGAN LAW GROUP, P.A.**
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: (305) 569-9900
Fax: (305)443-6828
e-Service: mlg.eservice@morganlawgroup.net

**By:   /s/Daniel Castro**
Thomas J. Morgan, Jr., Esq.
Florida Bar No. 127612
Daniel Castro
Daniel Castro, Esq.  Florida Bar No.: 90954
dcastro@morganlawgroup.net

</div>

3

Filing # 168206042 E-Filed 03/07/2023 01:29:46 PM

# The Morgan Law Group, P.A.

Put a Policy Advocate on Your Side



www.policyadvocate.com | **Phone: (888) 904-2524 | Fax: (305) 443-6828**

**Main Office: 55 Merrick Way, Suite 404 | Coral Gables, FL 33134**

**Florida | Louisiana | Mississippi | California | Puerto Rico**

**Sent via DFS**
Chief Financial Officer
200 E. Gaines Street
Tallahassee, Fl 32399

> **RE:     VIRGINIA HALL v Chubb European Group SE,**

> To Whom It May Concern:

> Please provide our office with five or more dates to take the deposition of your corporate representative(s), Field Adjuster who inspected Plaintiff's property and Desk Adjuster in connection with above-referenced matter within thirty (30) days. Please note that the areas of inquiry for these individuals will be as follows:

1. All issues contained within Plaintiff's Complaint;

2. Coverage for the Subject Property and damages in this matter;

3. All coverages, conditions, exclusions, exceptions, definitions, etc. for the Subject Policy.

4. Damages to the Subject Property at issue in this matter;

5. Defendant's opinion as to origin and cause of the loss at issue;

6. Defendant's reason for failing to pay the Subject Claim;

7. Any computerized damage estimating system used by the Defendant in the Subject Claim;

8. All of Defendant's defenses to coverage and payment of Plaintiff's damages;

9. Defendant's Affirmative Defenses;

10. Defendant's responses to Plaintiff's discovery requests;

11. The specific handling and processing of the subject claim, including the investigation, adjustment, and valuation of the claim;

12. Any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay the subject claim and the basis for those decisions;

13. The cause(s) of loss that Defendant attributed to the subject claim and the basis for the determination of the cause of loss;

14. Any damages to the insured property determined by Defendant to have been caused directly or indirectly by the subject incident;

15. The basis for any payment, partial payment, reduction, denial, and/or non-payment of the subject claim;

16. How the events which occurred to cause Plaintiff's damages constitute events excluded from the coverage provided by the subject policy or why Plaintiff's claim and/or damages are not otherwise covered under the policy of insurance;

17. Any post loss conditions and exclusions relied on by Defendant in denying or failing to fully compensate Plaintiff's loss, as well as the corresponding supporting facts, documents and policy language;

18. All documents, correspondence and emails sent by Defendant in any way, shape or form to Plaintiff or Plaintiff's representative(s) relating to the incident alleged in the Complaint at any time from the date of loss to the present date;

19. All photographs, communication, estimates and reports prepared by Defendant for Plaintiff's claim;

20. The factual basis and all policy language including endorsements and amendments upon which Defendant's Answer is based, including all denials and Affirmative Defenses raised by Defendant in this cause; and

21. Defendant's responses to Plaintiff's discovery requests and all facts, documents and policy language which support Defendant's responses to Plaintiff's discovery requests.

22. Defendant's adjustment of the Subject claim;

23. Defendant's evaluation of the Subject Claim;

24. License information for all adjusters and other claim representatives involved with the handling of the Subject Claim;

25. Defendant's inspection of the Subject Property prior to the occurrence of the Subject Loss;

26. Defendant's inspection of the Subject Property subsequent to the occurrence of the Subject Loss;

27. All documents Defendant requested prior to the filing of the present lawsuit and the reason for making the request;

28. The nature, substance and location of all records in Defendant's possession, custody care or control, including expert reports which pertain to the Subject Loss and Subject Claim;

29. Defendant's denial of the Subject Claim, and;

30. Defendant's knowledge of the contents contained within the entire underwriting file an underwriting of the Subject Policy.

This is not an exhaustive list and additional areas of inquiry may be necessary depending upon additional discovery and responses to questions asked at the deposition.

Should you have any questions, please do not hesitate to contact us. In the meantime, I look forward to your anticipated prompt cooperation in this matter. Failure to provide dates within the prescribed time may necessitate the filing of a Motion to Compel.

Respectfully,

Thomas J. Morgan, Jr., Esq.

*/s/ Thomas J. Morgan, Jr.*

IN THE CIRCUIT COURT OF THE
TWELFTH JUDICIAL CIRCUIT IN AND
FOR MANATEE COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

FLORIDA BAR NO.: 127612

VIRGINIA HALL,

          Plaintiffs,

v.

CHUBB EUROPEAN GROUP SE ,

          Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, the Plaintiffs, **VIRGINIA HALL**, by and through undersigned counsel,

pursuant to Florida Rules of Civil Procedure 1.370, and hereby serves, **CHUBB**

**EUROPEAN GROUP SE**, with its First Request for Admissions to be admitted or denied

within **forty-five (45) days** after service thereof, and in support thereof states:

1. Admit that you do not dispute the cause of loss as alleged in Paragraph 8 of the
   Complaint.

2. Admit that you do not dispute the date of loss as alleged in Paragraph 8 of the
   Complaint.

3. Admit that the policy described in Paragraph 5 of the Complaint was in full force
   and effect on or about the date of loss alleged in Paragraph 8 of the Complaint.

4. Admit that Plaintiff(s) complied with all of the post loss duties under the policy
   described in Paragraph 5 of the Complaint.

5.   Admit that Plaintiff(s) complied with all of the conditions precedent under the policy described in Paragraph 5 of the Complaint.

6.   Admit that Defendant's investigation of the loss described in Paragraph 8 of the Complaint was not prejudiced by the acts or omissions of Plaintiff(s).

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

Thomas J. Morgan, Jr., Esquire
FLORIDA BAR NO.: 127612
**MORGAN LAW GROUP, P.A.**
*Counsel for Plaintiff*
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax   : 305.443.6828

/tm

By:   /s/ Thomas J. Morgan
         Thomas J. Morgan, Jr.

Filing # 168206042 E-Filed 03/07/2023 01:29:46 PM

IN THE CIRCUIT COURT OF THE
12TH JUDICIAL CIRCUIT IN AND FOR
MANATEE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

FLORIDA BAR NO.: 127612

VIRGINIA HALL,

        Plaintiff,

v.

CHUBB EUROPEAN GROUP SE,

        Defendant.

_____ /

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, **VIRGINIA HALL**, by and through undersigned counsel,

pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant,

**CHUBB EUROPEAN GROUP SE**, produce legible copies of the following documents to

the Plaintiff within **forty (45) days** after service of this request:

1.     A true and correct certified copy of the applicable insurance policy issued by
   Defendant to Plaintiff, including any and all endorsements in effect at the time of the
   subject loss.

2.     Any and all time sheets, logs and/or other documents reflecting the time spent by
   Defendant and/or it's agents at the Plaintiff's property after notification of the subject
   loss.

3.     Any and all statements, whether written, oral or recorded, taken of the Plaintiff(s)
   and/or their agents, servants, employees, etc., in regards to the subject matter of
   this litigation.

*Page 1 of 3*

4.      Any and all statements, whether written, oral or recorded, taken of non-parties in regards to the subject matter of this litigation.

5.      Any and all invoices and bills reflecting payments made by the Plaintiff with regards to premiums for the subject policy issued by Defendant.

6.      Any and all correspondence or other written communication from Defendant to Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss.

7.      Any and all correspondence or other written communication from Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss prior to the institution of this litigation.

8.      Any and all photographs, videos and/or drawings made by Defendant or it's agents and/or representatives of the Plaintiff's property which is the subject matter of this litigation.

9.      A copy of the entire underwriting file for the subject policy of insurance.

10.     A copy of the entire claim file, including any table of contents, computer notations, summaries, for the subject loss, excluding any documents to which a privilege claim may exist.  Please provide a 'Privilege Log' detailing any such documents that are being withheld and the basis for the privilege.

11.     Any and all policies, rules, regulations, memorandums, guidelines and/or procedure manuals regarding Defendant's process for investigating, evaluating and/or settling of homeowner claims.

12.     Any and all manuals, instructions and/or other materials relied upon by Defendant in the training of adjusters and/or appraisers regarding homeowner claims.

*Page 2 of  3*

13.    Any and all estimates prepared by Defendant and/or it's agents and/or representatives regarding the subject claim of the Plaintiff.

14.    Any and all reports and/or other documents prepared by experts retained in this matter on behalf of the Defendant.

15.    A copy of any and all reports by any general contractor, engineer, roofer, electrician or other construction personnel hired by Defendant to examine and/or evaluate any aspect of the Plaintiff's subject claim.

16.    Copies of any and all drafts issued by Defendant to the Plaintiff for payment of any aspect of the Plaintiff's subject claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint

Thomas J. Morgan, Jr., Esquire
**MORGAN LAW GROUP, P.A.**
*Attorneys for Plaintiffs*
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax    : 305.443.6828

By:   /s/ Thomas J. Morgan
        Thomas J. Morgan, Jr.

# IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
# IN AND FOR SARASOTA, MANATEE AND DESOTO COUNTIES, FLORIDA

**ADMINISTRATIVE ORDER 2021 –14 .1**
**(supersedes AO 2021-06.1 for CIRCUIT CIVIL cases only)**

RE:   **CIVIL CASE MANAGEMENT PROTOCOLS**
      **FOR CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021**
_____/

**WHEREAS**, on March 9, 2021, the Florida Supreme Court entered Administrative Order AOSC20-23, Amendment 10, which required each circuit to enter an Administrative Order that to take effect on April 30, 2021, that requires the presiding judge for each civil case to actively manage civil cases; and

**WHEREAS**, on April 13, 2021, the Florida Supreme Court entered Amendment 12 to AOSC2-23, which amended the civil case management requirements; and

**WHEREAS**, on April 29, 2021, this court entered Administrative Order 2021-6.1 which established civil case management protocols for both county and circuit civil cases filed after April 30, 2021, however, upon discussion and agreement with the local bar, the court has agreed to modify those protocols for cases filed in circuit court, which are incorporated into this new administrative order; and

**WHEREAS**, all judges are required to comply with Florida Rule of General Practice and Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown; and

**WHEREAS**, the case management procedures below apply to all circuit civil cases in which the Florida Rules of Civil Procedure apply. The procedures below do not apply to summary actions filed under section 51.011, Florida Statutes, post-judgment proceedings, and writs to which Florida Rule of Civil Procedure 1.630 applies; and

**WHEREAS**, each circuit civil case shall be designated as general, streamlined or complex, and shall follow the case management protocols set forth below; and

**NOW THEREFORE**, pursuant to the authority vested in me as Chief Judge of the Twelfth Judicial Circuit of Florida, under Rule 2.215 of the Florida Rule of General Practice and Judicial Administration, it is hereby **ORDERED**:

1. The Twelfth Judicial Circuit hereby adopts a case management protocol for all applicable circuit civil cases filed after April 30, 2021.

1

2. **Designations** – all cases shall be designated as general, streamlined or complex. Parties may motion the court for a particular designation, but if no motion is filed, the following designation guidelines apply:

   a) All circuit civil cases are "**general**", unless otherwise specifically designated as streamlined or complex.

   b) "**Streamlined**" circuit civil cases, unless otherwise determined by the presiding judge, are uncontested cases, cases not entitled to jury trial, or cases where a jury trial is not demanded, and an anticipated trial length is less than two days. Judges have the authority and discretion to designate other case types as streamlined, but for purposes of this order, circuit civil cases designated as streamlined are:

      a. Accounts Payable
      b. Commercial Foreclosure
      c. Condominium Lien
      d. Declaratory Action
      e. Delinquent Taxpayer
      f. Delinquent Tenant
      g. Ejectment
      h. Forfeiture
      i. Partition
      j. Replevin
      k. Residential Foreclosure

   c) "**Complex**" civil cases are actions that have been or may be designated by court order as complex under Florida Rule of Civil Procedure 1.201. Upon such designation, the action shall proceed as provided in the rule.

3. **Case Management Report Required** - The attached Case Management Reports (General and Streamlined), shall be used in all circuit civil cases. These Case Management Reports are also available on the 12th Circuit Website www.jud12.flcourts.org Within 30 days of service of the complaint on the last of all named defendants, Plaintiffs shall initiate a consultation with all defendants to either agree to a Case Management Report or set the matter for an initial case management conference with the presiding judge.

   a) The burden is on the plaintiff(s) to ensure compliance with this Administrative Order, Case Management Order and the Case Management Report.

   b) The burden is on the plaintiff(s), in consultation with all defendants, to submit the completed Case Management Report to the presiding judge within 5 days after the initial consultation. If parties do not agree to the case management report, plaintiff must set the matter before the presiding judge for an initial case management conference within 45 days of the initial consultation, if not already scheduled by the Court.

c) The Court's expectation is that the parties in most cases will agree to various deadlines and will not have to appear at the initial case management conference. If, however, there is disagreement and a case management conference is not already set by the Court, plaintiff must schedule the case management conference and all parties must appear.

d) Failure by plaintiff to submit the Case Management Report to the presiding judge or schedule the initial case management conference may be grounds for defendant(s) to file a motion to dismiss or order to show cause against plaintiff.

e) The presiding judge may, on his/her own directive, enter a case management order in any case at least 30 days after service of the complaint on the last of all named defendants as long as said case management order contains at minimum, the same information as required by this order.  Judges may utilize more detailed case management orders if desired.

4. **Exception for Stays or Moratorium** - If the streamlined or general civil case is subject to a statutory stay or a moratorium preventing the prosecution of the case, then a case management order shall be issued within 45 days after the stay or the moratorium ends, or within 30 days after service of the complaint on the last of all named defendants, whichever date is later.

5. **Maximum Deadline Periods** – unless otherwise ordered based upon good cause, the maximum deadline periods in the Case Management Report and Order shall be as follows:

|  | **General Cases** | **Streamlined Cases** |
|---|---|---|
| **Deadlines for service of complaints, service under extensions and adding new parties** | Within 120 days of filing complaint, unless the Court grants an extension which shall not exceed 240 days from the date of filing the complaint | Within 120 days of filing the complaint, unless Court grants an extension, which shall not exceed 240 days from the date of filing the complaint |
| **Deadlines to complete fact and expert discovery** | Within 450 days after complaint is filed | Within 270 days after complaint is filed |
| **Deadline for all objections to pleadings and pretrial motions to be resolved** | Within 45 days after filing and prior to the pretrial conference | Within 45 days after filing and prior to the pretrial conference |
| **Deadline for mediation to have occurred** | Within 450 days after the complaint is filed | Within 270 days after the complaint is filed |
| **Projected trial date** | Within 18 months of filing complaint | Within 12 months of filing complaint |

3

6.  Lawyers must strictly comply with Florida Rule of General Practice and Judicial Administration 2.45(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so. The pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case.

7.  A separate but similar case management protocol for all applicable pending circuit civil cases filed prior to April 30, 2021, will be entered at a later date.

8.  This Administrative Order supersedes the protocol established in Administrative Order 2021-06.1 for circuit civil cases, is effective immediately, and shall remain in full force and effect until further order of this court.

**DONE AND ORDERED** in Chambers, Sarasota County, Florida, this 19th day of July, 2021.

CHARLES E. ROBERTS
CHIEF JUDGE

Original to:    Sarasota County Clerk of Court
Copies to:      Manatee County Clerk of Court
                Desoto County Clerk of Court
                All 12th Judicial Circuit Judges
                Kim Miller, Court Administrator
                All 12th Judicial Circuit Bar Associations
                Chair, Workgroup on the Improved Resolution of Civil Cases – see AOSC19-73

4

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

VIRGINIA HALL
_____
    Plaintiff(s) / Petitioner(s),

v.                                          Case No.: _____
                                            Division:  | COUNTY CIVIL |

Chubb European Group SE
_____
    Defendant(s) / Respondent(s).
_____

## CASE MANAGEMENT REPORT
### (for use in General Cases – Circuit Civil)

**Did all parties meet and confer as required?**
    ☐ Yes.
    ☐ No. (Must attend Initial Case Management Conference unless the Court excuses you.)

**This Case Management Report is submitted on behalf of:**
    ☐ All parties named in this lawsuit, each of whom agrees to this Report.
    ☐ Only on behalf of the following party or parties: _____

**The parties in this lawsuit request a:**
    ☐ Jury trial (to begin within 18 months of the date of filing of the lawsuit).
        *Proposed trial date:*_____ PTC:_____ DS:_____
    ☐ Nonjury trial (to begin within 12 months of the date of filing of the lawsuit).
        *Proposed trial date:*_____ Docket Sounding:_____
    ☐ An extended trial date; may require appearance at Initial Case Management
Conference. Briefly describe the reason for the request and include proposed month and
year of trial: _____

**Do you believe the trial will last more than 5 days (inclusive of jury selection)?**
    ☐ Yes.
    ☐ No.

**Setting the case for trial:**
    ☐ The parties waive the "at issue" requirement and request the Court to enter an order
        setting the case for trial for the date agreed to above.
    ☐ The parties do not waive the "at issue" requirement, and the Plaintiff must send the
        Court a proposed order setting the case for the date agreed to above within 15
        days of the case being at issue. The Court will set a firm trial date when at issue.
    ☐ The parties do not agree to a proposed trial date and will attend Initial Case
        Management Conference and will discuss with the Court setting the case for trial.

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

**Trial calendars are posted at** https://www.jud12.flcourts.org/About/Divisions/Civil **under "DeSoto," "Manatee," "Sarasota," and "South County (Venice)" tabs.**

The Court in establishing Case Management deadlines will give due regard to the parties' proposed deadlines. As required by various administrative orders, Case Management deadlines established in the case management order will be strictly enforced. A party must demonstrate good cause for a date to be changed.

| DEADLINE, EVENT, OR QUESTION | RESPONSE |
|---|---|
| **Do all parties agree to this Case Management Report?** (If no, you must attend the Initial Case Management Conference unless excused by the Court.) | ☐ Yes    ☐ No |
| **Date this lawsuit was filed.** | |
| **Have all Defendants been served?** | ☐ Yes    ☐ No |
| **If all Defendants have not been served, what deadline do you propose by when the last Defendant will be served?** | |
| **Do the parties believe a counterclaim, crossclaim, or third-party complaint may be filed?** | ☐ Yes    ☐ No |
| **Have all counterclaims, third-party claims, and crossclaims been served on the relevant defendant party?** | ☐ Yes    ☐ No  ☐ Not applicable |
| **Deadline to file a Motion to Add Party or Amend Pleadings.** (If the movant has not scheduled the motion for hearing within 15 calendar days of filing the motion, the Court may deny the motion as being in violation of the case management order. The motion does not need to be heard within 15 days; it simply must be set for hearing.) | |
| **Deadline for all motions to dismiss directed to the pleadings or objections to the pleadings to be resolved, including motions to strike.** (If greater than 60 days, parties must appear at the Initial Case Management Conference, unless excused by the Court.) | |
| **Do the parties believe discovery will include substantial Electronically Stored Information or significant Court time to address Electronically Stored Information?** | ☐ Yes    ☐ No |

| | |
|---|---|
| **Do the parties agree to exchange initial witness and exhibit lists? If so, by what date?** (The Court recommends 30 days after filing of this report.) | ☐ Yes    ☐ No |
| **Do the parties anticipate having one or more expert witnesses?** (The Court limits each party to one expert per specialty.) | ☐ Yes    ☐ No ☐ unknown |
| **Deadline to file expert witness lists for experts used to support affirmative claims.** (The Court recommends 90 days before the Pre-Trial Conference date in jury cases and 90 days before the Trial Period in nonjury cases.) | |
| **Deadline to file expert witness lists for experts used to oppose affirmative claims.** (The Court recommends 60 days before the Pre-Trial Conference date in jury cases and 60 days before the Trial Period in nonjury cases.) | |
| **Do the parties agree to have the experts author written reports?** | ☐ Yes    ☐ No |
| **If the parties agree to have the experts author written reports, the deadline for experts used to support affirmative claims to submit their written reports.** (The Court recommends 60 days before the Pre-Trial Conference.) | |
| **If the parties agree to have the experts to author written reports, the deadline for experts used to oppose affirmative claims to submit their written reports.** (The Court recommends 30 days before the Pre-Trial Conference.) | |
| **Deadline to file a motion seeking to add a nonparty to the verdict form (i.e., Fabre defendant).** (The Court recommends 45 days before the Pre-Trial Conference.) | |
| **Deadline to file final witness and exhibit lists, which list includes designation of those witnesses and exhibits a party reasonably believes the party will call or use in trial.** (The Court recommends 45 days before the Pre-Trial Conference date in jury cases and 45 days before the Trial Period in nonjury cases.) | |
| **Discovery deadline. No discovery may occur after this date without Court permission or, only if permitted by the Court, agreement of all parties.** (The Court recommends the Pre-Trial Conference Date for jury cases and 30 days before the first day of the Trial Period for nonjury cases.) | |

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

| | |
|---|---|
| **Dispositive motion (i.e., summary judgment) and <u>Daubert</u> motion deadline to be filed.** (The Court recommends no later than 90 days before the first day of the Trial Period.) | |
| **Dispositive motion (i.e., summary judgment) and <u>Daubert</u> motion deadline to be heard.** (These motions may not be heard within 30 days before the first day of the Trial Period without Court permission. Any pending motion not heard by the Court by this deadline will be denied.) | |
| **Deadline for all other motions to be heard.** (The Court will not permit motions to be heard after Docket Sounding without Court permission. Any pending motion after this date will be denied.) | |
| **Mediation deadline** (The Court recommends no later than the Pre-Trial Conference date.) | |

## Magistrate Referral

The Court refers certain matters to a general magistrate as permitted by Florida Rule of Civil Procedure 1.490(a). The Court will refer all motions directed to the pleadings and all discovery motions. The parties may agree to additional matters to be referred.

## Attorney Appearance

Each attorney that appears on behalf of a party must file a separate notice of appearance and designation of email address. (Multiple attorneys within the same firm must each file a separate notice of appearance and designation of email address.) This is an on-going requirement for any new attorney that appears during the litigation. Each attorney that appears is fully responsible for the case.

Please identify all known attorneys currently appearing for each party for each status that parties holds, such as Plaintiff or Defendant. Some parties may have more than one status, such as Defendant and Counterclaim Plaintiff, and will have multiple entries in the table below. If a party does not have an attorney, simply complete the Party Name and Status of the table below. Please remember that each corporate entity must have an attorney represent it. Additionally, an individual sued in a representative capacity, such as Trustee, must have an attorney represent the person in the person's representative capacity.

| Party Name | Status | Attorney Name | FL Bar # |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

The parties agree to this Case Management Report in Case Number _____:

| | |
|---|---|
| Name: | Daniel Castro |
| Bar Number: | 90954 |
| Firm: | MORGAN LAW GROUP, P.A. |
| Email: | mlg.eservice@morganlawgroup.net |
| Address 1: | 55 Merrick Way, Suite 404 |
| Address 2: | Coral Gables, FL 33134 |
| Address 3: | |
| Attorney for: | Plaintiff |
| Date: | 03/07/2023 |

Daniel Castro
_____
Signature

| | |
|---|---|
| Name: | |
| Bar Number: | |
| Firm: | |
| Email: | |
| Address 1: | |
| Address 2: | |
| Address 3: | |
| Attorney for: | |
| Date: | |

_____
Signature

| | |
|---|---|
| Name: | |
| Bar Number: | |
| Firm: | |
| Email: | |
| Address 1: | |
| Address 2: | |
| Address 3: | |
| Attorney for: | |
| Date: | |

_____
Signature

Page 5 of 6

**Certificate of Service**

On _____, I certify (1) that I sent a copy of the Case Management Report directly to the assigned judge's Judicial Assistant AND (2) I either (check one box):

☐      electronically filed the foregoing Case Management Report with the Clerk of Court by using the Florida Court, which will send a copy to:

   **or**

☐      served a copy of the foregoing Case Management Report by First Class U.S. Mail to:

Name: _____
Bar Number: _____
Firm: _____
Email: _____
Address 1: _____
Address 2: _____
Address 3: _____
Attorney for: _____


Name: _____
Bar Number: _____
Firm: _____
Email: _____
Address 1: _____
Address 2: _____
Address 3: _____
Attorney for: _____


Name: _____
Bar Number: _____
Firm: _____
Email: _____
Address 1: _____
Address 2: _____
Address 3: _____
Attorney for: _____


_____
Signature

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

_____
    Plaintiff(s) / Petitioner(s),

v.                                                    Case No.:  _____
                                                      Division:  _____

_____
    Defendant(s) / Respondent(s).
_____

**CASE MANAGEMENT REPORT**
**(for use in Streamlined Cases – Circuit Civil)**

**Did all parties meet and confer as required?**
    ☐ Yes.
    ☐ No. (Must attend Initial Case Management Conference unless the Court excuses you.)

**Are one or more Defendants defaulted?**
    ☐ Yes.
    ☐ No.

**This Case Management Report is submitted on behalf of:**
    ☐ All parties named in this lawsuit, each of whom agrees to this Report.
    ☐ Only on behalf of the following party or parties: _____

**The parties in this lawsuit request a:**
    ☐ Jury trial (to begin within 12 months of the date of filing of the lawsuit).
        ***Proposed*** *trial date:*  _____
    ☐ Nonjury trial (to begin within 9-12 months of the date of filing of the lawsuit).
        ***Proposed*** *trial date:*  _____
    ☐ Residential foreclosure trial (to begin within 7 months of the date of filing).
        ***Proposed*** *trial date:*  _____

**Setting the case for trial:**
    ☐ The parties waive the "at issue" requirement and request the Court to enter an order
        setting the case for trial for the date agreed to above.
    ☐ The parties do not waive the "at issue" requirement, and the Plaintiff must send the
        Court a proposed order setting the case for the date agreed to above within 15
        days of the case being at issue. The Court will set a firm trial date when at issue.
    ☐ The parties do not agree to a proposed trial date and will attend Initial Case
        Management Conference and will discuss with the Court setting the case for trial.

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

**Trial calendars are posted at https://www.jud12.flcourts.org/About/Divisions/Civil under "DeSoto," "Manatee," "Sarasota," and "South County (Venice)" tabs.**

The Court in establishing Case Management deadlines will give due regard to the parties' proposed deadlines. As required by various administrative orders, Case Management deadlines established in the case management order will be strictly enforced. A party must demonstrate good cause for a date to be changed.

| DEADLINE, EVENT, OR QUESTION | RESPONSE |
|---|---|
| **Do all parties agree to this Case Management Report?** (If no, you must attend the Initial Case Management Conference unless excused by the Court.) | ☐ Yes    ☐ No |
| **Date this lawsuit was filed.** | |
| **Have all Defendants been served?** | ☐ Yes    ☐ No |
| **If all Defendants have not been served, what deadline do you propose by when the last Defendant will be served?** | |
| **Deadline for all motions to dismiss directed to the pleadings or objections to the pleadings to be resolved, including motions to strike.** (If greater than 60 days, parties must appear at the Initial Case Management Conference, unless excused by the Court.) | |
| **Deadline to file expert witness lists for experts used to oppose affirmative claims.** (The Court recommends 60 days before the Pre-Trial Conference date in jury cases and 60 days before the Trial Period in nonjury cases.) | |
| **Deadline to file final witness and exhibit lists, which list includes designation of those witnesses and exhibits a party reasonably believes the party will call or use in trial.** (The Court recommends 45 days before the Pre-Trial Conference date in jury cases and 45 days before the Trial Period in nonjury cases.) | |
| **Discovery deadline. No discovery may occur after this date without Court permission or, only if permitted by the Court, agreement of all parties.** (The Court recommends the Pre-Trial Conference Date for jury cases and 30 days before the first day of the Trial Period for nonjury cases.) | |

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

| | |
|---|---|
| **Deadline for all motions to be heard.** (The Court will not permit motions to be heard after Docket Sounding without Court permission. Any pending motion after this date will be denied.) | |
| **Mediation deadline** (The Court recommends no later than the Pre-Trial Conference date.) | |

## Magistrate Referral

The Court refers certain matters to a general magistrate as permitted by Florida Rule of Civil Procedure 1.490(a). The Court will refer all motions directed to the pleadings and all discovery motions. The parties may agree to additional matters to be referred.

## Attorney Appearance

Each attorney that appears on behalf of a party must file a separate notice of appearance and designation of email address. (Multiple attorneys within the same firm must each file a separate notice of appearance and designation of email address.) This is an on-going requirement for any new attorney that appears during the litigation. Each attorney that appears is fully responsible for the case.

Please identify all known attorneys currently appearing for each party for each status that parties holds, such as Plaintiff or Defendant. Some parties may have more than one status, such as Defendant and Counterclaim Plaintiff, and will have multiple entries in the table below. If a party does not have an attorney, simply complete the Party Name and Status of the table below. Please remember that each corporate entity must have an attorney represent it. Additionally, an individual sued in a representative capacity, such as Trustee, must have an attorney represent the person in the person's representative capacity.

| Party Name | Status | Attorney Name | FL Bar # |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

The parties agree to this Case Management Report in Case Number _____:

Name: _____
Bar Number: _____
Firm: _____
Email: _____
Address 1: _____
Address 2: _____
Address 3: _____
Attorney for: _____
Date: _____


_____
Signature


Name: _____
Bar Number: _____
Firm: _____
Email: _____
Address 1: _____
Address 2: _____
Address 3: _____
Attorney for: _____
Date: _____


_____
Signature


Name: _____
Bar Number: _____
Firm: _____
Email: _____
Address 1: _____
Address 2: _____
Address 3: _____
Attorney for: _____
Date: _____


_____
Signature

**Certificate of Service**

On _____, I certify (1) that I sent a copy of the Case Management Report directly to the assigned judge's Judicial Assistant AND (2) I either (check one box):

☐    electronically filed the foregoing Case Management Report with the Clerk of Court by using the Florida Court, which will send a copy to:

    **or**

☐    served a copy of the foregoing Case Management Report by First Class U.S. Mail to:

Name:    _____
Bar Number:    _____
Firm:    _____
Email:    _____
Address 1:    _____
Address 2:    _____
Address 3:    _____
Attorney for:    _____


Name:    _____
Bar Number:    _____
Firm:    _____
Email:    _____
Address 1:    _____
Address 2:    _____
Address 3:    _____
Attorney for:    _____


Name:    _____
Bar Number:    _____
Firm:    _____
Email:    _____
Address 1:    _____
Address 2:    _____
Address 3:    _____
Attorney for:    _____


_____
Signature

"2023CA000988AX" 168206042 Filed at Manatee County Clerk 03/07/2023 04:13:02 PM EST

Filing # 168206042 E-Filed 03/07/2023 01:56:21 PM

IN THE CIRCUIT COURT OF THE
12TH JUDICIAL CIRCUIT IN AND FOR
MANATEE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.:

FLORIDA BAR NO.: 127612

VIRGINIA HALL,

            Plaintiff,

v.

CHUBB EUROPEAN GROUP SE,

            Defendant.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff, **VIRGINIA HALL**, by and through undersigned counsel,
pursuant to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, and propounds
upon the Defendant, **CHUBB EUROPEAN GROUP SE,** the attached eleven (11)
Interrogatories to be answered under oath and in writing within **forty-five (45) days** after
service thereof.

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served
attached with the Original Summons and Complaint.

                       Thomas J. Morgan, Jr., Esquire
                       **MORGAN LAW GROUP, P.A.**
                       *Attorneys for Plaintiffs*
                       55 Merrick Way, Suite 404
                       Coral Gables, Florida 33134
                       Phone: 305.569.9900
                       Fax    : 305.443.6828

                       By: __/s/ Thomas J. Morgan___
                             Thomas J. Morgan, Jr.

IN THE CIRCUIT COURT OF THE 12TH
JUDICIAL CIRCUIT IN AND FOR
MANATEE COUNTY, FLORIDA

Case No.: 2023CA000988CAAXMA

VIRGINIA HALL

     Plaintiff,

VS.

CHUBB EUROPEAN GROUP,

     Defendant.

_____/

### DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND DISCOVERY

Defendant CHUBB EUROPEAN GROUP SE, ("Defendant"), by and through the undersigned counsel, hereby files its Motion for Extension of Time to Respond to Plaintiff's Complaint and Discovery, and in support thereof, states as follows:

1. On or about March 29,2023 Defendant was served with the Plaintiff's Complaint and Discovery.

2. Defendant is in need of additional time to respond to Plaintiff's Complaint and Discovery.

3. Defendant's Motion for Extension of Time has not been filed in an attempt to delay the legal process.

4. Granting Defendant's Motion for Extension of Time would not unduly burden Plaintiff and it would allow sufficient time for Defendant to adequately respond to Plaintiff's Complaint and Discovery without prejudice.

5. The undersigned counsel further certifies that a good faith effort to agree or to narrow the issues on the foregoing motion has been made with opposing counsel or that such an effort shall be made prior to the hearing on the motion.

Case No.: 2023CA000988CAAXMA

WHEREFORE Defendant, CHUBB EUROPEAN GROUP SE, respectfully requests that this Honorable Court allow for an extension to respond to Plaintiff's Complaint.

*[CERTIFACTE OF SERVICE ON FOLLOWING PAGE]*

Case No.: 2023CA000988CAAXMA

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed electronically and was sent by E-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below on this 29TH day of March 2023, on all counsel or parties of record listed below:

**MORGAN LAW GROUP, P.A.**
*Attorney for Plaintiff*
Daniel Castro
55 Merrick Way, Suite 404
Coral Gables, FL 33134
Phone No.: 305-569-9900
Fax: 305-443-6828
Email: mlg.eservice@morganlawgroup.net

> **THE CHARTWELL LAW OFFICES, LLP**
> *Attorneys for Defendant*
> 100 SE 2nd Street, Suite 2150
> Miami, FL 33131
> (305) 372-9044 Telephone
> (305) 372-5044 Facsimile
> By: *s/ Yoanna Blanco, Esq*
> Christopher C. Cooper, Esq.
> Florida Bar No. 111434
> ccooper@chartwelllaw.com
> parbpleda@chartwelllaw.com
> Allison C. Drompp, Esq.
> Florida Bar No. 98491
> adrompp@chartwelllaw.com
> rvalentin@chartwelllaw.com
> Yoanna Blanco, Esq.
> Florida Bar No. 1025320
> yblanco@chartwelllaw.com
> nmarotto@chartwelllaw.com

Filing # 169918347 E-Filed 03/29/2023 02:22:20 PM

IN THE CIRCUIT COURT OF THE 12TH
JUDICIAL   CIRCUIT   IN   AND   FOR
MANATEE COUNTY, FLORIDA

Case No.: 2023CA000988CAAXMA

VIRGINA HALL

     Plaintiff,

VS.

CHUBB EUROPEAN GROUP SE,

     Defendant.

_____/

## **DEFENDANT'S NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES PURSUANT TO FLA. R. JUD. ADMIN. 2.516**

**PLEASE TAKE NOTICE** that the undersigned counsel hereby appears as counsel of record for Defendants, **CHUBB EUROPEAN GROUP SE,** henceforth and until further order of this Court and therefore, requests all interested parties to serve upon the undersigned true and correct copies of all pleadings, notices and other filings served upon any party to this civil action.

Furthermore, Defendants, **CHUBB EUROPEAN GROUP SE,** hereby give notice of their compliance with Rule 2.516, Fla. R. Jud. Admin., and request that all service on Defendants **CHUBB EUROPEAN GROUP SE** from this date forward, be provided in accordance with the Rule.

Counsel for Defendants, **CHUBB EUROPEAN GROUP SE,** designates the following e-mail addresses:

Primary Emails:    Christopher Cooper, Esq.

Case No.: 2023CA000988CAAXMA

ccooper@chartwelllaw.com
parboleda@chartwelllaw.com

Secondary Emails:   Allison Drompp, Esq.
adrompp@chartwelllaw.com
rvalentin@chartwelllaw.com

Tertiary E-mails:   Yoanna Blanco, Esq.
yblanco@chartwelllaw.com
mmarotto@chartwelllaw.com

*The tertiary email is primary scheduling contact on this case and must be included in case matter communications.*

*[CERTIFACTE OF SERVICE ON FOLLOWING PAGE]*

Case No.: 2023CA000988CAAXMA

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed electronically and was sent by E-mail from the Florida Courts' E-Filing Portal system, unless otherwise noted below on this 29 day of March 2023, on all counsel or parties of record listed below:

**MORGAN LAW GROUP, P.A.**
*Attorney for Plaintiffs*
Daniel Castro
55 Merrick Way, Suite 404
Coral Gables, FL 33134
Phone No.: 305-569-9900
Fax: 305-443-6828
Email: mlg.eservice@morganlawgroup.net

**THE CHARTWELL LAW OFFICES, LLP**
*Attorneys for Defendant*
100 SE 2nd Street, Suite 2150
Miami, FL 33131
(305) 372-9044 Telephone
(305) 372-5044 Facsimile

By:    s/ Yoanna Blanco, Esq
Christopher C. Cooper, Esq.
Florida Bar No. 111434
ccooper@chartwelllaw.com
parbodela@chartwelllaw.com
Allison C. Drompp, Esq.
Florida Bar No. 98491
adrompp@chartwelllaw.com
rvalentin@chartwelllaw.com
Yoanna Blanco, Esq.
Florida Bar No. 1025320
yblanco@chartwelllaw.com
mmarotto@chartwelllaw.com

Filing # 170067562 E-Filed 03/31/2023 09:41:30 AM

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

VIRGINIA HALL

PLAINTIFF(S)

VS.

CHUBB EUROPEAN GROUP SE

DEFENDANT(S)
_____/

| | |
|---|---|
| CASE #: | 412023CA000988CAAXMA |
| COURT: | CIRCUIT |
| COUNTY: | MANATEE |
| DFS-SOP #: | 23-000120075 |

SUMMONS, COMPLAINT, DISCOVERY, DEPO LETTER, ADMINISTRATIVE ORDER

## <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Monday, March 27, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, March 29, 2023 to the designated agent for the named entity as shown below.

CHUBB EUROPEAN GROUP SE
JOHN EMMANUEL, ESQ.
BROOKFIELD PLACE, 200 VESEY STREET, 20TH FL
NEW YORK, NY 10281

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

THOMAS J MORGAN
MORGAN LAW GROUP
55 MERRICK WAY, SUITE 404
CORAL GABLES, FL 33134

JD1