UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VIRGINIA HALL**,

    Plaintiff,

v.                                         Case No. 8:23-cv-933-WFJ-TGW

**CHUBB EUROPEAN GROUP SE**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Chubb European Group SE's ("Chubb") unopposed Motion to Enforce (Dkt. 32) the Court's Order compelling inspection (Dkt. 24). *See* Local Rule 3.01(c). Upon careful consideration of the record, the Court grants Chubb's Motion. This case is dismissed.

### BACKGROUND

On March 7, 2023, Plaintiff Virginia Hall sued Chubb in state court for refusing to cover hurricane-based damages to Ms. Hall's home under an insurance policy. Dkt. 1-2 at 2–4. Chubb removed the case to this Court on April 28, 2023. Dkt. 1 at 1. And, on June 1, 2023, the Court entered a Case Management and Scheduling Order. *See generally* Dkt. 19.

The Case Management and Scheduling Order directed the parties to meet the following deadlines:

| M.D. Fla. 3.03 Disclosure | IMMEDIATELY |
|---|---|
| Mandatory Rule 26(a)(1) Initial Disclosures | June 30, 2023 |
| Third Party Joinder/Amend Pleading | July 31, 2023 |
| Plaintiff Expert Disclosure | December 1, 2023 |
| Defendant Expert Disclosure | December 1, 2023 |
| Rebuttal Expert | December 15, 2023 |
| Discovery Cut-Off | March 1, 2024 |
| Mediation/Scheduling | January 2, 2024 |
| Conduct Mediation | February 1, 2024 |
| Dispositive Motion filing | February 1, 2024 |
| Dispositive Motion filing | April 1, 2024 |

*Id.* at 1.

Unfortunately, problems arose when Chubb requested an inspection of Ms. Hall's property. On September 19, 2023, September 21, 2023, and October 6, 2023, Chubb's counsel emailed Ms. Hall's counsel requesting an inspection and providing availability dates for Chubb's expert. Dkt. 32 at 6–8. Ms. Hall's counsel, however, allegedly failed to respond to any of these requests.

On November 1, 2023, Chubb filed a Motion to Compel Inspection. Dkt. 23 at 1. Ms. Hall did not respond. The Court consequently granted Chubb's Motion to Compel on November 8, 2023. Dkt. 24. In so doing, the Court explained that Ms. Hall was to accommodate an inspection at a time reasonably convenient for Chubb.

*Id.* The Court also warned that "if [Ms. Hall] fails to permit same, the matter will be dismissed without further notice." *Id.*

The Court's Order apparently had little impact on Ms. Hall. On December 12, 2023, December 14, 2023, December 19, 2023, January 4, 2024, and January 8, 2024, Chubb's counsel attempted to schedule an inspection of Ms. Hall's home with Ms. Hall's counsel. Dkt. 32 at 11–14. Chubb's counsel received no response.

Accordingly, on January 9, 2024, Chubb filed the instant Motion to Enforce the Court's November 8, 2023, Order. Dkt. 32 at 1–4. Ms. Hall has not responded, rendering Chubb's Motion unopposed. *See* Local Rule 3.01(c).

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an "action or any claim against it" if "the plaintiff fails to prosecute or to comply with . . . a court order." While simple negligence may not justify such a dismissal, "[d]ismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1376 (11th Cir. 1999) (citing *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985)).

This being the case, dismissal is appropriate here. "[Ms. Hall's] actions cannot be characterized as simple negligence when [s]he was made explicitly aware of what [s]he needed to do and the consequences of not doing it." *McIntosh v. Gauthier*, 182

F. App'x 884, 887 (11th Cir. 2006). This began when Ms. Hall ignored multiple requests for an inspection of her property, thereby forcing Chubb to file a motion to compel to which Ms. Hall never responded. The Court then granted Chubb's motion and explicitly instructed Ms. Hall to facilitate an inspection on pain of dismissal. She failed to do so. Indeed, Chubb reached out to Ms. Hall no less than five times before filing the instant Motion. Ms. Hall has not responded to these requests or offered opposition to the Motion. There is simply no indication that lesser sanctions would motivate Ms. Hall to comply with the Court's Order in these circumstances. She is wholly unresponsive to both Chubb and this Court.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Chubb's Motion (Dkt. 32) is **GRANTED**.

(2) This case is **DISMISSED**.

(3) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on January 24, 2024.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record